1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT DAVID TELLEZ, | 1:15-cv-01693-GSA |
| Plaintiff, | |
| v. | **ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

## I.   INTRODUCTION

Robert David Tellez ("Plaintiff") seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[2] The Court finds the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence in the record as a whole.  Accordingly, this Court reverses the agency's determination to deny benefits

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

[2] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 6 and 8).

1  and remands this action to the ALJ for further consideration.

2  **II.      BACKGROUND AND PRIOR PROCEEDINGS**[3]

3       Plaintiff filed an application for Supplemental Security Income on October 27, 2011.  AR

4  178-183. The application was denied initially and on reconsideration. AR 19; 90-93; 97-102.

5  Plaintiff filed a request for a hearing on November 1, 2012.  AR 103.  A hearing was conducted

6  before Administrative Law Judge ("ALJ") Timothy Snelling on March 14, 2014.  AR 35-67.  On

7  April 18, 2014, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled.

8  AR 16-34.  Plaintiff appealed this decision and the order became final when the Appeals Council

9  denied the appeal.  AR 1-6; 14-15.  This appeal followed pursuant to 42 U.S.C. § 405(g).

10  **III.      ISSUES FOR JUDICIAL REVIEW**

11       Plaintiff filed for disability due to pain in his knees, back, and shoulders, as well as anxiety

12  and depression.  He alleges that the ALJ improperly assessed the medical evidence in his case.

13  Specifically, he argues that: (1) the ALJ failed to give specific and legitimate reasons for rejecting

14  Dr. Van Kirk's (an examining physician) opinion; (2) a medical professional never evaluated

15  documents including a MRI of Plaintiff's knee and related physician notes after knee surgery; (3)

16  the ALJ imposed a limitation that Plaintiff could have no more than frequent face-to-face

17  interaction with the general public without explaining why; and (4) the ALJ improperly assessed

18  Plaintiff's credibility. (Doc. 16, pgs. 9-15; Doc. 20, pgs. 1-3). The Commissioner opposes each of

19  these arguments and contends that the ALJ's evaluation of the medical evidence and his

20  credibility determinations were proper and are supported by substantial evidence.

21  **IV.      THE DISABILITY DETERMINATION PROCESS**

22       To qualify for benefits under the Social Security Act, a plaintiff must establish that he or

23  she is unable to engage in substantial gainful activity due to a medically determinable physical or

24  mental impairment that has lasted or can be expected to last for a continuous period of not less

25  than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  An individual shall be considered to have a

26  disability only if:

27      . . . his physical or mental impairment or impairments are of such severity that he

28  _____

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. § 416.920(a). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. § 416.920 (a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. § 416.913.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability; (2) whether the claimant had medically-determinable "severe" impairments;[4] (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work;[5] and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 416.920(a)(4).

## V.   SUMMARY OF THE ALJ'S FINDINGS

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 20-29. At step one, he found that Plaintiff had not engaged in substantial gainful activity since October 27, 2011, the alleged onset date of his disability. AR 21. At step two, the ALJ identified exogenous obesity, hypertension, osteoarthritis-bilateral knees-status post left knee meniscectomy, cervical musculoligamentous strain/sprain, possible degenerative disc disease of the lumber spine with a Baker Cyst on the lower left extremity, rotator cuff tendonitis bilateral shoulders, history of

---

[4] "Severe" simply means that the impairment significantly limits the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 416.920(c).

[5] Residual functional capacity captures what a claimant "can still do despite [his or her] limitations." 20 C.F.R. § 416.945. "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

3

alcohol abuse and marijuana abuse, anxiety, depression, and gastroesophageal reflux disease as severe impairments.  AR 21.  However, at step three, the ALJ determined that the severity of Plaintiff's impairments did not meet or exceed any of the listed impairments.  AR 22-24.

Based on a review of the entire record, the ALJ determined that Plaintiff had the RFC to perform a wide range of light work as defined in 20 CFR 416.967(b) and that he could: occasionally climb ramps and stairs, crouch, crawl, stoop, and kneel with his right knee; never kneel with his left knee or climb ladders, ropes, or scaffolds; frequently perform overhead reaching bilaterally; and frequently have face-to-face interaction with the general public.  The ALJ also found that Plaintiff could not walk long distances or walk over uneven terrain for more than thirty yards without a cane. AR 24.  Given these limitations, the ALJ determined that Plaintiff could not perform his past work as a landscape laborer or marketer.   AR 27-28.  However, he found that Plaintiff could perform other work including a bottle packer, an assembler of small parts, and a bottle line attendant.  AR 28-29.

## VI.     STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).   It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion."  *Id.*   "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  *Id*.

## VII.     DISCUSSION

### A. The ALJ Improperly Evaluated the Medical Evidence.

At issue in this appeal is whether the ALJ properly evaluated the medical record with regard to Plaintiff's medical and psychological conditions. There were four state agency doctors' opinions that are relevant to this appeal: Dr. Hernandez, M.D., a consultative physician; Dr. Van

1   Kirk, M.D., a consultative orthopedist; and Dr Nasrabadi, M.D. and Dr. W. Jackson, M.D., two

2   state non-examining doctors.  After reviewing the administrative record and the parties' briefs

3   (Docs. 16, 17 and 20), the Court finds that the ALJ's decision is not supported by substantial

4   evidence.[6]

5       *1.      The Medical Record*

6       On January 31, 2012, Dr. Hernandez, M.D. performed a comprehensive internal medical

7   evaluation. AR 25; 300-303. He opined that Plaintiff was capable of standing, walking, and

8   sitting up to six hours in an eight-hour workday with routine breaks, and that he could lift and

9   carry fifty pounds occasionally and twenty pounds frequently. AR 303. Dr. Hernandez also

10  opined that Plaintiff would be limited to only occasionally performing postural activities such as

11  bending or twisting his lower back. He found no manipulative or environmental limitations. AR

12  25, 303.  On February 15, 2012, Dr. Nasrabadi, M.D., a state agency physician reviewed the

13  medical evidence and imposed similar limitations. AR 27, 72-73.

14      On September 28, 2012, Dr. Dale Van Kirk, M.D., a state agency orthopedist, performed a

15  consultative examination and determined that Plaintiff could: lift and carry twenty pounds

16  occasionally and ten pounds frequently; stand and walk for four hours in an eight hour day except

17  that he should be able to sit down periodically for a brief period if pain developed in his lower

18  back or knees; occasionally bend, stoop, crouch, climb, kneel, balance, crawl, push and pull;

19  could not work with his arms overhead; and should not be required to work in a cold and/or damp

20  environment because his symptoms are enhanced with cold weather. AR 359-360.

21      On October 11, 2012, Dr. W. Jackson, M.D., a state agency physician, reviewed the record

22  and found that Plaintiff could: lift and carry twenty pounds occasionally and ten pounds

23  frequently; sit, stand and walk six hours in an eight-hour workday; occasionally stoop, kneel,

24  crouch, crawl, climb ramps or stairs, ladders, ropes, and scaffolds;  frequently balance; only

25  occasionally reach overhead with his left upper extremity; and that he was limited in pushing and

26  pulling in both lower extremities. AR 84-86.

27  _____

[6] The entire medical record (AR 289-622) was reviewed by the Court.  The evidence most relevant to the issues raised in Plaintiff's appeal are outlined below.

28

1       2.      *Discussion*

2       When reviewing the medical evidence the ALJ gave "some weight" to Dr. Hernandez's

3   opinion because it was consistent with the longitudinal medical evidence and with the Plaintiff's

4   activities of daily living. AR 25.  However, the ALJ noted that additional limitations were

5   warranted because Dr. Hernandez did not have the benefit of reviewing several additional

6   medical records. AR 25-26. The ALJ then gave "significant weight" to Dr. Van Kirk's opinion

7   for the same reasons as he did for Dr. Hernandez, except the ALJ specifically noted that he did

8   not find any environmental limitations because there was nothing in the record to establish a

9   limitation in this area.  AR 26. The ALJ also gave "some weight" to the non-examining state

10  doctors' opinions because the opinions were well supported by the medical evidence. AR 27.

11      Plaintiff argues this reasoning is problematic for several reasons. First, the ALJ indicated he

12  gave Dr. Van Kirk's opinion significant weight but gave no reasons for rejecting the doctor's

13  restriction that Plaintiff was limited to four hours of standing/walking in and eight-hour day.  He

14  contends this is significant because this restriction would limit Plaintiff to sedentary work which

15  renders him disabled under the Medical-Vocational Rule 201.09. (Doc. 16, pgs. 9-10).  Similarly,

16  Plaintiff argues that the ALJ gave no reason for rejecting Dr. Van Kirk's limitation that he would

17  have to sit down if he developed pain which translates into either: (1) a sit/stand option, or (2) a

18  need to take unscheduled breaks.  Under either scenario, Plaintiff asserts he would be disabled.

19  (Doc. 17, pg. 10).  Third, Plaintiff argues that the ALJ failed to state a reason for finding Plaintiff

20  could frequently reach overhead when Dr. Van Kirk indicated that Plaintiff could not perform

21  work with his arms over head. (Doc. 17, pg. 10).  Fourth, Plaintiff contends that the reasons for

22  rejecting Dr. Van Kirk's opinion that Plaintiff should not work in cold and/or damp environments

23  was not legitimate because he is a specialist in the area and his opinion should be given

24  deference. *Id*. at pg. 11. Fifth, Plaintiff argues the ALJ's decision is insufficient because there was

25  an  MRI report (AR 480; 513-514) and doctors' notes relating to Plaintiff's knee surgery in 2013

26  that were never reviewed by any of the doctors.  AR 439-445; 454-455; 460-468; 470-516.

27  Finally, the Plaintiff contends the ALJ committed error by imposing a limitation that Plaintiff

28  should have no more than frequent face-to-face interaction with the public without providing any

1   rationale for doing so. (Doc.16, pgs. 12-13).

2          A review of the ALJ's decision and the administrative record reveals that the Plaintiff is

3   correct. Here, although the ALJ gave "some" weight to Dr. Hernandez's and the state agency

4   non-examining doctors' opinions (AR 25-26), he gave "significant weight" to Dr. Van Kirk's

5   findings. AR 26. In doing so, the ALJ noted that Dr. Van Kirk's opinion was consistent with the

6   longitudinal medical evidence and Plaintiff's activities of daily living, but noted that additional

7   limitations were warranted because Dr. Van Kirk did not have the benefit of reviewing the entire

8   medical record.  Notwithstanding this recognition, the ALJ disregarded several of Dr. Van Kirk's

9   most restrictive specific limitations –limiting Plaintiff to four hours of standing/walking in an

10  eight-hour day, allowing Plaintiff to sit if Plaintiff's pain became too severe, and prohibiting

11  Plaintiff from working with his arms overhead.  The ALJ did so without articulating any reasons

12  for omitting these limitations from the RFC.  This is problematic because a claimant's RFC is "the

13  most the [claimant] can still do despite [his or her] limitations"  20 C.F.R. § 416.945(1), and a

14  RFC must be "based on all the relevant evidence in [the claimant's] case record." *Id*.

15  Furthermore, if the RFC assessment conflicts with a medical source opinion, the ALJ must

16  explain why the opinion was not adopted. SSR 96-8.  When an examining physician's opinion is

17  controverted by another doctor's opinion, the examining physician's opinion may be rejected only

18  for specific and legitimate reasons supported by substantial evidence in the record.  *Lester v.*

19  *Chater*, 81 F. 3d 821, 830-831 (9th Cir. 1996).

20         Defendant argues that the ALJ properly weighed the opinions of all of the physicians to

21  assess Plaintiff's RFC, and relied upon the limitations the other state agency doctors identified to

22  formulate the RFC.  However, when discussing those other doctors' opinions, the ALJ did not

23  specify which portions of those opinions he was giving more weight to and why.  Moreover, after

24  giving Dr. Van Kirk's opinion significant weight, the ALJ noted that he thought that Plaintiff

25  required more restrictions because Dr. Van Kirk did not have the benefit of reviewing all of the

26  medical records. However, the ALJ did not indicate which medical records he was referring to,

27  then proceeded to ignore several of Dr. Van Kirk's most restrictive limitations.  AR 26.

28  Similarly, the ALJ indicated that the non-examining doctors' opinions should be given "some"

weight because they were supported by the totality of the medical evidence, however, it is unclear what specific evidence the ALJ is referring to. AR 27.  This is problematic because an ALJ must set out his reasoning and the evidentiary support for his interpretation of the medical evidence. *Lester v. Chater*, 81 F.3d at 832. Specifically, he must set forth his own interpretations and explain why they, rather than the doctors', are correct.  *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).  Given the ALJ's vague references to the record when discussing the medical opinions, the Court is unable to assess how and why the ALJ weighed the medical evidence and the doctors' opinions in the way that he did.

Moreover, Plaintiff correctly points out that there were a series of documents in the record that the ALJ reviewed and summarized including a MRI of Plaintiff's knee and post-surgery notes that *none* of the reviewing doctors, including the non-examining physicians, ever evaluated. AR 439-445; 454-455; 460-468; 470-516.  The ALJ reviewed these documents independently (AR 27) and created a RFC without a medical expert's opinion which is not proper.  The Court is aware that the RFC is not a medical opinion, but a legal decision that is expressly reserved to the Commissioner. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d) (RFC is not a medical opinion), 404.1546(c), 416.946(d) (identifying the ALJ as responsible for determining RFC). "It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).   However, an ALJ is not allowed to use his own medical judgment in lieu of that of a medical expert. *Gonzalez Perez v. Secretary of Health & Human Serv.*, 812 F.2d 747, 749 (1st Cir. 1987); *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992); *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005).  It appears that is what happened here since no doctor ever evaluated these records.[7] Relatedly, the ALJ also imposed a limitation that Plaintiff have no more than frequent face-to-face contact with the public without any medical/psychological opinion recommending this limitation, and without explaining why this restriction was imposed.[8] This was also improper.

---

[7] Disappointingly, the Commissioner never squarely addresses this issue in its brief.
[8] When considering whether Plaintiff met one of the listing criteria, the ALJ assessed Plaintiff had mild restrictions in social functioning, as well as with concentration, persistence and pace. AR 22-23. It appears this was the basis for the ALJ's limitation, but it is unclear.

Defendant counters Plaintiff's arguments by contending that the Plaintiff has not identified any evidence in the medical record that he is unable to perform light work.  (Doc. 17, pg. 13).  As a preliminary matter, whether the Plaintiff can establish that he cannot perform light work is not the standard.  The ALJ has the obligation to fully explain how he assessed the medical evidence and give specific and legitimate reasons for rejecting an examining physician's opinion. *Lester v. Chater*, 81 F.3d at 830.  Moreover, the Commissioner ignores Dr. Van Kirk's limitations, which if credited as true, would render Plaintiff unable to perform light work.  Instead, Defendant points to other evidence in the file and creates a rationale in support of the ALJ's decision including that Plaintiff's knees were relatively stable, his leg raising tests and muscle strength were normal, he had a normal gait, and an overall had a normal range of motion in his shoulders. (Doc. 17, pgs. 13-15).   However, these reasons were not articulated by the ALJ as a basis for rejecting any physician's opinion, and therefore the Court has not considered these arguments. A reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001)); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (We are constrained to review the reasons the ALJ asserts).

Given the lack of any physicians' review of the most recent medical evidence (AR 439-445; 454-455; 460-468; 470-516), the case will be remanded to obtain a medical opinion regarding Plaintiff's physical conditions.  Additionally, since the ALJ identified anxiety and depression as severe impairments (AR 21), and restricted Plaintiff's contact with the public (AR 24), a psychological evaluation appears to be warranted.  On remand, after completing these assessments, the ALJ shall clarify which medical and psychological evidence supports any identified limitations, and provide an explanation for rejecting any of the various doctors' opinions.  The ALJ shall then formulate a RFC that encompasses any limitation that is supported by substantial evidence.  Because the Court remands this case for renewed consideration of the medical evidence, the Court dispenses with an exhaustive analysis of the ALJ's assessment of Plaintiff's credibility, as well as the ALJ's assessment of Plaintiff's environmental limitations. Consideration of both of these issues are inescapably linked to conclusions regarding the medical

evidence.  20 C.F.R. § 416.929.  As such, the re-evaluation of the medical evidence may impact the ALJ's findings as to Plaintiff's credibility.

## VII.    REMAND FOR FURTHER ADMINSTRATIVE PROCEEDINGS

Given the above, the Court must determine whether this action should be remanded to the Commissioner with instructions to immediately award benefits, or whether this action should be remanded to this Commissioner for further administrative proceedings.  Remand for further proceedings is appropriate when an evaluation of the record as a whole creates serious doubt as to whether the claimant is in fact disabled. *Garrison v. Colvin*, 759 F. 3d 995, 1021 (9th Cir. 2014). Conversely, a court should remand with for an award of benefits when: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.  *Id*. at 1020. Even if all three of these criteria are met, the Court can retain flexibility in determining an appropriate remedy.  *Brown-Hunter v. Colvin*, 806 F. 3d 487, 495 (9th Cir. 2015).

In this case, given the need for further medical and psychological assessments, the Court finds that remand for further administrative proceedings is necessary to develop the record.

///

///

///

///

///

///

///

///

///

///

///

1

**VIII.   CONCLUSION**

2

      Based on the foregoing, the Court finds that the ALJ's decision is not supported by

3

substantial evidence and is not based on proper legal standards.  Accordingly, this Court

4

GRANTS Plaintiff's appeal from the administrative decision of the Commissioner of Social

5

Security.  This action is REMANDED to the Commissioner for further administrative

6

proceedings consistent with this opinion.  The Clerk of this Court shall enter judgment in favor of

7

Plaintiff, Robert David Tellez, and against Nancy A. Berryhill, Commissioner of Social Security.

8

The Clerk of the Court is directed to close this action.

9

10

IT IS SO ORDERED.

11

    Dated:   __**March 2, 2017**__               _____**/s/ Gary S. Austin**_____

12

                                  UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11